EDWARD H. KUBO, JR.   2499
United States Attorney
District of Hawaii

HARRY YEE   3790
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-3752
Email:   Harry.Yee@usdoj.gov

Attorneys for

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 08-00117 HG KSC |
| | ) | |
| Petitioner, | ) | MAGISTRATE'S REPORT AND |
| | ) | RECOMMENDATION ON |
| v. | ) | PETITION TO ENFORCE INTERNAL |
| | ) | REVENUE SERVICE SUMMONS |
| HUBERT W. CHANG, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

MAGISTRATE'S REPORT AND RECOMMENDATION ON
<u>PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS</u>

　　　　A hearing was held on Thursday, April 17, 2008, before the Honorable Kevin S.C. Chang, United States Magistrate Judge, on the Petition to Enforce Internal Revenue Service Summons filed by the United States of America.  Harry Yee, Assistant United States Attorney appeared on behalf of the United States.  Hubert W. Chang, the Respondent, was present and filed a written response.

All the government needs to do to establish a prima facie case for enforcement of a summons is to show that the summons is issued for a legitimate purpose, the data sought may be relevant to that purpose, the data is not already in the Internal Revenue Service's possession, and the administrative steps for issuance and service of a summons have been followed. United States v. Powell, 379 U.S. 48 (1964). The Petitioner's burden of satisfying the Powell requirements is a "slight one" that can be met merely by presenting the sworn affidavit of the agent who issued the summons attesting to these facts. United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993); United States v. Gilleran, 992 F.2d 232, 233 (9th Cir. 1993); Crystal v. United States, 172 F.3d 1141, 1144 (9th Cir. 1999). With the Declaration of Revenue Office Hochman, the government has established a prima facie case that the summons is enforceable.  Respondent failed to carry his burden to show good faith in his non-compliance with the IRS summons.  Respondent merely alleged that he is not liable for the 8 years of taxes assessed, which is the reason for the information sought by the IRS in this petition, based on unsubstantiated claims of improper delegation of authority to the IRS Commissioner and Respondent's interpretation of the IRS Code.

Therefore, it is the recommendation of this Court to the United States District Chief Judge that an order be entered as follows:

(1) That the Internal Revenue Service summons served on Hubert W. Chang shall be enforced and he shall obey the summons in full on or before Noon on Friday, May 16, 2008;

(2) That the respondent shall provide to United States all documents showing his income, assets, and liabilities for 2004, 2005, and 2006;

(3) And that should respondent fail to fulfill the either of the requirements of this order then the United States may forthwith move this court for a hearing on motion for contempt of this order.

Dated: Honolulu, Hawaii, April 18, 2008.



_____
Kevin S.C. Chang
United States Magistrate Judge

USA v. Hubert W. Chang
Civil 08-00117 HG KSC
"Magistrate's Report and Recommendation
on Petition to Enforce Internal Revenue
Service Summons"